UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> v. <br><br> **$1,995.75 IN UNITED STATES CURRENCY SEIZED ON MARCH 5, 2015;** <br><br> **$30,000 IN UNITED STATES CURRENCY SEIZED ON MARCH 5, 2015;** and <br><br> **$134,430 IN UNITED STATES CURRENCY SEIZED ON MARCH 5, 2015,** <br> Defendants. | Civil Action No. 1:16-cv-10732-IT |

**INTERVENOR MICHAEL BUCARIA'S MOTION
TO SET ASIDE DEFAULT JUDGMENT**

Intervenor Michael Bucaria ("Mr. Bucaria"), by and through undersigned counsel, hereby respectfully moves this Honorable Court to set aside the default judgment entered in this matter on March 24, 2017, on the grounds that the Government's Complaint was time barred pursuant to 18 U.S.C. § 983(a)(3). In the alternative, Mr. Bucaria respectfully moves this Honorable Court to set aside the default judgment pursuant to its authority to do so under Fed. R. Civ. P. 60(b). As grounds for Mr. Bucaria's request, he states the following:

In moving for civil forfeiture of the defendant currency, the Government was constrained to do so within the confines and dictates of 18 U.S.C. § 983. Subsection (a)(3) of the statute provides a mandatory ninety (90) day time limit within which to bring a complaint for forfeiture of the subject property. This is a clear statute of limitations mandate. Should the Government fail to bring a complaint for forfeiture within the prescribed period, it is obligated to return the seized property to the claimant(s). 18 U.S.C. § 983(a)(3)(A).

Here, the Government sought, and received, four (4) extensions of the required time to file its complaint for forfeiture, with Mr. Bucaria's assent on Fifth Amendment grounds.[1] The fourth, and final extension gave the Government until April 16, 2016. *See In Re: Nonjudicial Forfeiture Proceeding*, Docket No. 15-mc-91260-RGS (D. Mass. 2015). The Government filed its Complaint in this matter on April 18, 2016, two (2) days after the filing deadline set by the court's Order in *In Re: Nonjudicial Forfeiture Proceeding*, supra. As such, the Complaint is outside the applicable statute of limitations. The Complaint should be dismissed as time barred, and the defendant currency should be returned to Mr. Bucaria. The default judgment should likewise be set aside pursuant to this Court's authority to do so under Fed. R. Civ. P. 60(b)(4), i.e., because the Judgment on the Complaint is void because the Complaint itself is invalid.

In the alternative, the default judgment should be set aside pursuant to this Court's authority to do so under Fed. R. Civ. P. 60(b)(1) and/or (6). Fed. R. Civ. P. 60(b) provides a mechanism for setting aside an entry of default judgment. Specifically, the rule states in pertinent part,

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (6) any other reason that justifies relief.

District courts enjoy "considerable discretion" in affording relief. *Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001); *Cotto v. United States*, 993 mF.2d 274, 277 (1st Cir. 1993). "[Rule 60(b)] must be applied so as to recognize the desirability of deciding disputes on their merits, while also considering the importance of finality

---

[1] In seeking Mr. Bucaria's assent to the 2nd, 3rd and 4th extensions, the Government confirmed, during related L.R. 7.1 discussions, its understanding Mr. Bucaria would continue to assert his Fifth Amendment rights and privileges.

as applied to court judgments." *Davila-Alvarez*, 257 F.3d at 64 (internal citations and quotation marks omitted).

Rule 60(b)(1) requires a showing of "excusable neglect" in order to obtain relief from final judgment. *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004). Under this standard, the Court is permitted, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 388 (1993)). In making that determination, the Court must consider the length of delay, the reason for delay, whether the movant acted in good faith, and prejudice to the opposing party. *Davila-Alvarez*, 257 F.3d at 64.

Here, Mr. Bucaria's failure to timely file a further claim of ownership and opposition to forfeiture is simply the result of mistake and/or excusable neglect. There is no indication that Mr. Bucaria has acted in bad faith. In fact, at the outset of the related criminal investigation, Mr. Bucaria filed claims of ownership as to the defendant currency with the FBI, as required, indicating he opposed forfeiture. As noted above, Mr. Bucaria assented to four (4) extensions of the Government's filing deadline to proceed via complaint against the defendant currency, s*ee In Re: Nonjudicial Forfeiture Proceeding*, supra, ultimately extending the Government's requisite filing deadline to April 16, 2016. Again, the Government filed its Complaint late, two (2) days after the filing deadline imposed by the Court. *Id*. After the Government's filing deadline was missed, the matter administratively "fell between the cracks" of a small firm with a full calendar and substantial caseload.[2,3]

---

[2] Adding to the administrative mistake is the fact that the Complaint, when served, was addressed to Attorney Bradley Bailey. Indeed, the Government cites to the fact that the Complaint was served on Attorney Bradley Bailey in its motion for entry of default. Counsel for Mr. Bucaria, as noted below, is Attorney R. Bradford Bailey. There is indeed an Attorney Bradley Bailey practicing in Massachusetts, as well. Several times a year legal mail and/or

Mr. Bucaria has been a subject of an ongoing criminal investigation. He has consistently maintained the position that despite having a claim of ownership as to the defendant currency, he would not be waiving any of his 5th Amendment privileges in making those claims.[4] Given the ongoing nature of the criminal investigation, counsel presumed, albeit erroneously, that further continuances *In Re: Nonjudicial Forfeiture Proceeding* would be requested and granted, until such time as a decision was made as to whether or not Mr. Bucaria would be criminally prosecuted. This erroneous presumption was not evidence of bad faith, but rather excusable neglect.

The Court is not confronted with a situation here where a trial has been conducted against the other defendants or the litigation progressed significantly while defendant failed to respond. *Cf. Baldiga v. Bowdring* (*In re Cyphermint, Inc.*), 2011 U.S. Dist. LEXIS 62504 (D. Mass. 2011). Furthermore, the delay in responding to the Court's notices and entry of default was not egregious; it was on the order of a month. Also, the Government would not be unduly prejudiced by the Court reopening the case against the defendant currency and/or Mr. Bucaria, particularly where it has been afforded the opportunity to proceed despite its own late filing(s). As noted in *Davila-Alvarez*, "[Rule 60(b)] must be applied so as to recognize the desirability of deciding disputes on their merits." 257 F.3d at 64. These factors counsel in favor of granting defendant's

---

service of process is inadvertently sent to undersigned counsel intended for "the other" Brad Bailey, and vice versa. Although the proper office address was used, the use of the incorrect attorney's name caused a modicum of confusion, as it inevitably does each time.

[3] While undersigned counsel understands he is ultimately responsible for the representation of his clients and the proper administration of their cases, including supervision of his agents/employees, his paralegal, who was specifically assigned to attend to any and all necessary responses pertaining to this forfeiture matter, requested the Court be made aware that the neglect was his, and due in no small part to said paralegal's overwhelming schedule, including fulltime employment, part time (evening) law school classes, and a contested divorce involving his two young children, one of whom has special needs. To use familiar imagery, he simply had too many balls in the air, and one was finally dropped.

[4] Mr. Bucaria presumes and intends, that in filing this motion for relief, none of his fundamental Constitutional rights are being waived. Specifically, Mr. Bucaria does not waive his 5th Amendment rights and privileges. Unless or until it becomes clear that the Government has elected not to bring criminal charges against Mr. Bucaria, he will, on the advice of counsel continue to assert his 5th Amendment rights.

motion, as they satisfy the excusable neglect and/or standard of Rule 60(b), and thus, are m adequate to warrant relief under the applicable excuasable neglect and/or other reasons justifying relief standards of Rule 60(b). Accordingly, Mr. Bucaria's motion to set aside the default judgment should be granted.

Upon information and belief, setting aside the default will not unduly prejudice the adjudication of the rights of the original parties, and it is in the interests of justice to do so.

Pursuant to L.R. 7.1, undersigned counsel conferred with counsel for the United States, AUSA Doreen Rachal, who indicated the government objects to Mr. Bucaria's motion.

WHEREFORE, Intervenor Michael Bucaria respectfully requests his motion be granted, and the default judgment be set aside.

Dated: March 25, 2017               Respectfully submitted,

                                    MICHAEL BUCARIA
                                    By and through his attorney,

                                     /s/ *R. Bradford Bailey*
                                    R. Bradford Bailey, BBO#549749
                                    BRAD BAILEY LAW, P.C.
                                    10 Winthrop Square, 4th Floor
                                    Boston, Massachusetts 02110
                                    Tel.: (857) 991-1945
                                    Fax: (857) 265-3184
                                    brad@bradbaileylaw.com


**Certificate of Service**

I, R. Bradford Bailey, hereby certify that on this the 25th day of March, 2016, I caused a true copy of the foregoing *Motion to Set Aside Default* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

                                     /s/ *R. Bradford Bailey*
                                    R. Bradford Bailey